THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TASHIEM BAYARD, Appellant. [881 NYS2d 58]—

Judgment, Supreme Court, New York County (Robert Straus, J.), rendered January 21, 2005, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him to an aggregate term of seven years, and judgment, same court and Justice, rendered February 2, 2005, convicting defendant, upon his plea of guilty, of robbery in the

first and second degrees, and sentencing him to a concurrent aggregate term of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility.

The court properly declined to declare a mistrial, or to receive a hearsay document in evidence, on the ground that the People had violated their disclosure obligations under *Brady v Maryland* (373 US 83 [1963]) or *People v Rosario* (9 NY2d 286 [1961]). Two weeks before trial, the People disclosed a police omniform system complaint report, containing a synopsis of the robbery and descriptions of the robbers. The report was prepared by an identified police administrative aide based entirely on information provided by an unidentified officer who was not one of the officers who testified at trial. The robbery was witnessed by three persons, only one of whom was available to testify at trial, and the report does not indicate which witness provided the underlying information, or whether the report is a composite of information received from two or three witnesses. The report contains a slightly different narrative of the crime, and a more detailed description of the robbers, than those found in the victim's trial testimony.

Defendant argues that by neglecting to at least preserve the identity of the officer who interviewed the witness or witnesses who provided the information in the report, the police and prosecution failed to disclose exculpatory information in a usable form. However, we find no basis for reversal. The information was not exculpatory; defendant was, in any event, able to make effective use of it in the form in which he received it; and neither the police department's failure to preserve the identity of the author, or the court's refusal to receive the report in evidence caused defendant any prejudice or affected the outcome of the trial.

We need not decide whether, in the case of genuinely exculpatory evidence in the People's possession, the People's failure to memorialize the source of the evidence can constitute a *Brady* violation, or what would be an appropriate remedy (*cf. United States v Rodriguez*, 496 F3d 221, 225-228 [2d Cir 2007]). Here, the information in the report had little or no impeachment or other exculpatory value, regardless of which witness or witnesses provided the underlying information. Furthermore, the prosecution disclosed the report in time to give defendant a reasonable opportunity to investigate its authorship. Finally, the court gave defendant extensive leeway to use this report in

cross-examining the victim and the arresting detective, and defendant was able to reveal the report's contents to the jury (*see People v Fortunato*, 191 AD2d 221, 222 [1993], *lv denied* 81 NY2d 1013 [1993]). As it could not be determined which witness or witnesses provided the underlying information, the hearsay report was insufficiently reliable to be received in evidence as a prior inconsistent statement of the victim (*see id.*), or under any other theory, and its exclusion did not violate defendant's right to present a defense. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.